GREAT NORTHERN RAILWAY CO., Respondent, *v.*
PHILLIPS COUNTY et al., Appellants.

(No. 8,214.)

(Submitted November 3, 1941.  Decided November 6, 1941.)

[118 Pac. (2d) 754.]

*Mr. John W. Bonner,* Attorney General, *Mr. I. W. Choate,* Counsel for the State Board of Equalization, and *Mr. Fred C. Gabriel,* County Attorney of Phillips County, for Appellants, submitted a brief; *Mr. Choate* argued the cause orally.

*Messrs. Weir, Clift & Bennett,* for Respondent, submitted a brief; *Mr. Harry P. Bennett* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover taxes paid under protest. The cause was tried to the court without a jury, resulting in judgment in plaintiff's favor. Defendants appealed from the judgment.

The facts are not in dispute. The legal question involved is whether Chapter 98, Laws of 1937, is valid. That chapter relates to the fixing of the county budget and the tax levy by the board of county commissioners. The particular provision brought in question here is found in section 1, which amends section 4613.4, Revised Codes, by providing that in fixing the amount of the budget "there shall not be added to the amount to be appropriated and authorized to be expended for any item, or to the total amount appropriated and authorized to be expended from any fund any amount or percentage whatever because of any anticipated loss of revenue by reason of the nonpayment of taxes levied for such fiscal year." And the clause relating to the matter of fixing the levy which reads: "Each tax levy shall be at a rate no higher than is required on such basis, without including any amount for anticipated

tax delinquency, to produce the amount set out in the budget without including any amount for anticipated tax delinquency.''

The county commissioners of Phillips county ignored these provisions of the statute in making up the budget and fixing the tax levy for the year 1939. The record shows without controversy that plaintiff's tax for the year 1939 was $2,010.76 more than it would have been had these statutory provisions been observed. This action was to recover one-half of this amount which was the installment coming due on November 30, 1939, and which was paid under protest.

Defendants seek to uphold the action of the county commissioners upon the ground that the statute, Chapter 98, supra, so far as it prohibits consideration of anticipated tax delinquencies, is unconstitutional as impairing the obligation of contracts. Their contention is that unless the county commissioners may consider anticipated tax delinquencies in fixing the budget and the tax levy, the obligation of the county to bondholders will be impaired.

Plaintiff takes the position that since the statute precludes the county commissioners from including in the budget ''any amount which it is anticipated may be received during the fiscal year from the payment of taxes which became delinquent during any preceding fiscal year or years,'' there is in fact no impairment of the obligation to bondholders, and that, in any event, these defendants cannot raise the point relied upon. We shall consider the merits of the controversy, assuming without so deciding, that defendants may raise the point thus relied upon by them. The legislature evidently believed that current tax delinquencies would at least to a large extent be offset by collections from past delinquencies.

The record before us shows that in Phillips county, for the past five-year period from 1935 to 1939, both inclusive, the total collections, inclusive of interest and penalty, receipts from land sales and rentals of land acquired by tax deed, greatly exceeded the original tax levy, and in only one of those years did the total receipts fall short of the original tax levy. As to such years where there resulted a shortage, it cannot be said

that any obligations of the county to the bondholders were impaired or in any manner affected.

The Budget Act does not prohibit the issuance of warrants so ▮ long as they are within the budget appropriations. Section 4613.5 prohibits the issuance of warrants "in excess of any of the budget detailed appropriations," except for emergencies covered by section 4613.6, not necessary to be considered in this case. It contemplates that warrants may be issued up to the budget appropriation for each item in the budget. If there is no money in the particular fund to pay the warrants, they are registered and, if issued before February 18, 1941, draw interest at six per cent. per annum (secs. 4625 and 4753), and those issued thereafter bear four per cent. interest (Chap. 15, Laws of 1941). When such warrants are issued, the amount of principal and interest must then be taken into consideration in fixing the budget for the succeeding year. (Sec. 4613.2.)

It is suggested that bondholders cannot be required to accept ▮ warrants in payment of principal and interest on the bonds. This is the manner in which the county discharges all its obligations. (Sec. 4750.) If there are no funds with which to pay the warrants issued to bondholders, there is no showing here that the bondholders cannot cash them without a discount; hence there is no showing that the law in any manner impairs the obligation of the county to bondholders.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.